IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

In re WYATT & McALISTER, PLLC                   CASE NO. 3:10cv436HTW-LRA
A Mississippi Limited Liability Company

Consolidated with

In re WYATT & McALISTER, PLLC                   CASE NO. 3:10cv449DPJ-FKB
A Mississippi Limited Liability Company

**MEMORANDUM BRIEF IN OPPOSITION TO THE FINAL JUDGMENT GRANTING IN PART THE MOTION TO DISMISS CHAPTER 7 VOLUNTARY PETITION AND THE MEMORANDUM OPINION AND ORDER ON JOINT MOTION FOR NEW TRIAL, TO ALTER OR AMEND JUDGMENT, AND/OR FOR RELIEF FROM FINAL JUDGMENT**

COMES NOW Appellant Wyatt & McAlister, PLLC ("Wyatt & McAlister"), through

counsel, and files this its Memorandum Brief in opposition to the Final Judgment Granting in Part

the Motion to Dismiss Chapter 7 Voluntary Petition entered by the United States Bankruptcy Court

for the Southern District of Mississippi, Jackson Division, on April 23, 2010 in Case No. 09-04354-

ee, and the Memorandum Opinion and Order on Joint Motion for New Trial, to Alter or Amend

Judgment, and/or for Relief from Final Judgment entered by the United States Bankruptcy Court for

the Southern District of Mississippi, Jackson Division, on May 26, 2010 in Case No. 09-04354-ee,

and in support thereof would respectfully show unto this honorable Court as follows, to-wit:

## STATEMENT OF APPELLATE JURISDICTION AND REVIEW

This Court's has appellate jurisdiction of the instant proceeding, as this matter is an appeal

of a final judgment, order or decree entered in a case referred to a bankruptcy judge under 28 U.S.C.

§157 or 28 U.S.C. §158.  Further, this Court must review the findings of fact of the United States

Bankruptcy Court for clear error and must consider the Bankruptcy Court's conclusions of law *de*

*novo*. Plunk v. Yaquinto, (In re Plunk) 481 F.3d 302 at 305 (5th Cir. 2007); see also Fed.R.Bankr.P

8013.

## REQUEST FOR ORAL ARGUMENT PURSUANT TO FED.R.BANR.P. 8012

The Appellant respectfully requests oral argument in connection with this matter.  Oral argument would assist the Court in better understanding the issues in this case and ultimately would assist with the development of limited liability company law in Mississippi.  This case turns on state law, and from extensive review by the undersigned, there is no Mississippi case law that is "on point" regarding the issues now before this Court.

## STATEMENT OF FACTS

On September 22, 2008, Derek Wyatt and Mary McAlister formed Wyatt & McAlister, PLLC, with a Mississippi LLC Certificate of Formation being filed with the Office of the Mississippi Secretary of State. Wyatt & McAlister did not adopt an operating agreement; therefore, each member of the LLC owned a 50% interest in Wyatt & McAlister.

On January 9, 2009, McAlister tendered her written resignation to Wyatt.  The Appellant would submit that via this writing McAlister resigned from Wyatt & McAlister effective that date. On December 10, 2010, Derek Wyatt filed a voluntary petition under Chapter 7 with the United States Bankruptcy Court for the Southern District of Mississippi, Jackson Division, on behalf of Wyatt & McAlister, PLLC.  The Chapter 7 filing was necessitated because McAlister ceased her monthly capital contribution of $25,000.00 and because Wyatt & McAlister had incurred substantial debt.  For example, there was a lawsuit filed against Wyatt & McAlister for $118,000.00 for unpaid rent. Further, there was a default on an equipment lease in addition to liens against Wyatt & McAlister filed by the Mississippi State Tax Commission. There also were multiple defaults on Wyatt & McAlister's vendor contracts with Pitney Bowes, Federal Express, Westlaw, and BCI.

## STATEMENT OF THE ISSUES ON APPEAL

1.    Whether Mary McAlister effectively withdrew under §79-29-803(1) of the Miss. Code Ann. (1972) as amended; and

2.      Whether Derek Wyatt had the legal right to file a voluntary petition under Chapter 7 with the

United States Bankruptcy Court on behalf of Wyatt & McAlister, PLLC.

## ARGUMENT AND STATEMENT OF APPLICABLE LAW

The first issue before this Court is whether Mary McAlister effectively withdrew from Wyatt

& McAlister, PLLC under §79-29-803(1) of the Miss. Code Ann. (1972) as amended. In Price v.

Gurney, the United States Supreme Court held that local law determines who has "to act for a

corporation in filing a bankruptcy petition." 324 U.S. 1000, 65 S. Ct, 513, 89 L.Ed. 776 (1945). In

this matter, there is no operating agreement to dictate how a member may resign or withdraw from

the LLC. Thus, it is the Appellant's contention that Mary McAlister turned in her "resignation" and

withdrew from the LLC on January 9, 2009. Further, the Appellant would submit that McAlister had

been planning her resignation prior to the January 9th date. At the beginning of each month, Mary

McAlister was depositing $25,000.00 as a capital contribution into Wyatt & McAlister to cover

business overhead and operating expenses. By the end of December 2008, McAlister had not

deposited the $25,000.00 for January 1, 2009. By January 4, 2009, McAlister still had not deposited

her $25,000.00 into Wyatt & McAlister. Because McAlister failed to fund the company, Wyatt &

McAlister had insufficient funds to pay its employees and monthly expenses. McAlister

intentionally allowed Wyatt & McAlister to become insolvent prior to her "resigning" from the

company. Based on McAlister's actions and inaction, it is evident that her intent, both actaul and

constructive, was to withdraw from this limited liability company.

The Mississippi Limited Liability Act contains no language that allows a member of a limited

liability company to simply "resign." However, many other jurisdictions equate the term "withdraw"

or use "withdraw" as a synonym for "resign" in their limited liability company statutes. For example,

Fla. Stat. § 608. 427 of the Florida Statutes is titled "Withdrawal of member and distribution

upon withdrawal." More specifically, the statute states,

(1) "A member may withdraw from a limited liability company only at the time upon the occurrence of an event specified in the articles of organization or operating agreement...unless the articles of organization or operating agreement provides otherwise, a member may not resign from a limited liability agreement prior to the dissolution... " Fla. Stat. §608. 427.

It is evident from the above language that the word "resign" is the same as "withdraw." There is no distinction between the two terms.  The State of Florida is not the only state that employs the terms "resign" and "withdraw" as synonyms. California's statute is titled "Withdrawal of Member; Notice; Entitlement to distribution" and uses the phrase "withdraw, resign or retire," synonymously. Cal. Corp. Code, §17252. Specifically, the statute states,

(a) "The articles of organization or a written operating agreement may provide that a member may withdraw, resign, or retire from a limited liability company at the time or upon the happening of events specified in the operating agreement or that the member shall not have the right to withdraw, resign, or retire as a member of a limited liability company." Cal. Corp. Code §17252.

Like California, the State of Nevada uses the terms "resignation" and "withdrawal" as synonyms as well.  The caption of the Nevada state statute is titled, "Resignation or withdrawal of member: Limitation; payment to member who rightfully resigns or withdraws." Nev. Rev. Stat. Ann §86.331. Ohio is another state which considers the terms "resign" and "withdraw" as one and the same.  The Ohio state statute states, ... "a person ceases to be a member of a limited liability company upon the occurrence of any of the following events of withdrawal: (A) A member resign or withdraws as a member in accordance with the operating agreement..." ORC Ann. 1705. 15.  In fact, Burton's Legal Thesaurus, lists "withdraw" and "withdrawal" as synonyms of "resign" and "resignation." Burton's Legal Thesaurus (3d ed., McGraw-Hill 1998)

As stated above, Mississippi statutes only use the term "withdraw."  However, based on multiple legal authorities, the terminology "withdraw" and "resign" are one in the same.  Based on the actions of Mary McAlister leading up to her letter of resignation, it is clear that her intent was

to withdraw from the limited liability company. Mary McAlister carefully crafted her January 9th letter when she used the term "resign." It is evident that her actions demonstrated that she had no intent of remaining a member of Wyatt & McAlister when she sent her letter of resignation; therefore, she intentionally did not fund the company. As a result, she left the company as insolvent. However, when McAlister "resigned" from Wyatt & McAlister she also "withdrew" therefrom.

It is well established law that the remaining members of a Limited Liability Company may wind up the limited liability company's affairs. §79-29-801 of the Miss. Code. Ann (1972) as amended. In this matter, Wyatt & McAlister owed significant indebtedness in the form of liens, promissory notes, and delinquent accounts. Wyatt & McAlister was an insolvent entity and therefore was not able to meet its legal obligations. By filing for Chapter 7 relief on behalf of Wyatt & McAlister, Derek Wyatt took the steps that were necessary the protect the limited liability company.

## CONCLUSION

It is evident that the Motion to Dismiss Chapter 7 Voluntary Petition filed by Mary McAlister was without merit. When McAlister sent in her letter of resignation, she effectively and constructively withdrew from Wyatt & McAlister.    The Appellant had an obligation to wind up the limited liability company's affairs as provided under §79-29-803(1) of the Miss. Code Ann. (1972) as amended. It is uncontroverted that Wyatt & McAlister is an insolvent entity; thus, the Chapter 7 bankruptcy was filed for the legal protection it provided under the Bankruptcy Code and not for delay or harassment.

Accordingly, the Appellant respectfully requests that this honorable Court reverse the Final Judgment entered April 23, 2010 and the Memorandum Order and Opinion entered May 26, 2010 by the Bankruptcy Court. The Appellant is entitled to recover from McAlister all legal fees and costs expended in connection herewith. Further the Appellant prays for all relief, either general or specific, to which it may be entitled in the premises.

DATED this the 5th day of January, 2011.

Respectfully submitted,

WYATT & McALISTER PLLC

By:   s/ Vann F. Leonard
      Vann F. Leonard, Attorney for the Appellant

Vann F. Leonard, MSB No. 9611
Post Office Box 16026
Jackson, Mississippi 39236
(601) 605-8228
FAX (601) 898-2226

## CERTIFICATE OF SERVICE

I hereby certify that I have this date caused to be mailed by prepaid First Class United States

Mail a true and correct copy of the above and foregoing Motion electronically filed with the Clerk

of this Court using the ECF system, to the following persons named below:

Derek A. Wyatt, Esq.
102 Northlake Lane
Madison, MS  39110
dwyatt@wyattlawpllc.com

Lawrence E. Allison, Jr., Esq.
Joseph A. Sclafani, Esq.
Brunini, Grantham, Grower & Hewes, PLLC
Post Office Drawer 119
Jackson, MS  39205
lallison@brunini.com
jsclafani@brunini.com

Office of the United States Trustee
Attention: Ronald H. McAlpin, Esquire
100 West Capitol Street, Suite 706
Jackson, MS  39269
ronald.mcalpin@usdoj.gov

J. Stephen Smith, CPA
Chapter 7 Cast Trustee
5 Old River Place, Ste 107
Jackson, MS  39202
trustee1@smithcpafirm.com

DATED this the 5th day of January, 2011.


                      s/ Vann F. Leonard