IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

In re WYATT & McALISTER, PLLC                CASE NO. 3:10cv436HTW-LRA
A Mississippi Limited Liability Company

Consolidated with

In re WYATT & McALISTER, PLLC                CASE NO. 3:10cv449DPJ-FKB
A Mississippi Limited Liability Company

### REBUTTAL BRIEF OF APPELLANT WYATT & McALISTER, PLLC

COMES NOW Appellant Wyatt & McAlister, PLLC ("Wyatt & McAlister"), through counsel, and files this its Rebuttal Brief in response and opposition to the Brief filed by Appellee Mary E. McAlister, and in support thereof would respectfully show unto this honorable Court as follows, to-wit:

### REQUEST FOR ORAL ARGUMENT PURSUANT TO FED.R.BANR.P. 8012

As stated in its Memorandum Brief, the Appellant respectfully requests oral argument in connection with this matter. Oral argument would assist the Court in better understanding the issues in this case and ultimately would assist with the development of limited liability company law in Mississippi. This case turns on state law, and from extensive review by the undersigned, there is no Mississippi case law that is "on point" regarding the issues now before this Court.

### REBUTTAL ARGUMENT

Actions speak louder than words. It is an absurd contention made by Appellee Mary McAlister that on January 9, 2009, she resigned as an attorney with Wyatt & McAlister, but chose to maintain her 50% equity interest in said entity. Wyatt & McAlister failed because McAlister ceased her monthly capital contribution of $25,000.00 and left the business operation. It would be equally absurd for McAlister to contend that she intended to maintain an equity interest in an

business operation that was insolvent. Based upon her actions, Mary McAlister turned in her "resignation" and withdrew from the LLC on January 9, 2009.

Counsel for the Appellee would like this Court to believe that the determination of McAlister's withdrawal was merely a "simple issue." To that end, what exactly was Derek Wyatt to do in this situation? Mary McAlister was not a passive investor in the business. She had intentionally allowed Wyatt & McAlister to become insolvent prior to her "resigning." Derek Wyatt did not have the individual financial wherewithal to continue to operate the business. By this time, equity demanded that the most reasonable and expedient step was to undertake a Chapter 7 proceeding to eliminate the burdensome indebtedness on Wyatt & McAlister and commence the orderly close the business with finality.

## CONCLUSION

Mississippi statutes only use the term "withdraw." However, based on multiple legal authorities, the terminology "withdraw" and "resign" are one in the same. Based on the actions of Mary McAlister leading up to her letter of resignation, it is clear that her intent was to withdraw from the limited liability company. Mary McAlister carefully crafted her January 9th letter when she used the term "resign." It is evident that her actions demonstrated that she had no intent of remaining a member of Wyatt & McAlister when she sent her letter of resignation; therefore, she intentionally did not fund the company. As a result, she left the company as insolvent. Simply stated, when McAlister "resigned" from Wyatt & McAlister she also "withdrew" therefrom, both effectively and constructively. It was uncontroverted that Wyatt & McAlister is an insolvent entity; thus, the Chapter 7 bankruptcy was filed for the legal protection it provided under the Bankruptcy Code and not for delay or harassment.

Accordingly, the Appellant respectfully requests that this honorable Court reverse the Final

Judgment entered April 23, 2010 and the Memorandum Order and Opinion entered May 26, 2010 by the Bankruptcy Court. The Appellant is entitled to recover from McAlister all legal fees and costs expended in connection herewith. Further the Appellant prays for all relief, either general or specific, to which it may be entitled in the premises.

DATED this the 25th day of February, 2011.

Respectfully submitted,

WYATT & McALISTER PLLC

By: s/ Vann F. Leonard
Vann F. Leonard, Attorney for the Appellant

Vann F. Leonard, MSB No. 9611 - vfllaw@bellsouth.net
Post Office Box 16026
Jackson, Mississippi 39236
(601) 605-8228
FAX (601) 898-2226

CERTIFICATE OF SERVICE

I hereby certify that I have this date electronically filed the above and foregoing Motion with the Clerk of this Court using the ECF system, to the following persons named below:

Derek A. Wyatt, Esq.
102 Northlake Lane
Madison, MS  39110
dwyatt@wyattlawpllc.com

Lawrence E. Allison, Jr., Esq.
Joseph A. Sclafani, Esq.
Brunini, Grantham, Grower & Hewes, PLLC
Post Office Drawer 119
Jackson, MS  39205
lallison@brunini.com
jsclafani@brunini.com

Office of the United States Trustee
Attention: Ronald H. McAlpin, Esquire
100 West Capitol Street, Suite 706
Jackson, MS  39269
ronald.mcalpin@usdoj.gov

J. Stephen Smith, CPA
Chapter 7 Cast Trustee
5 Old River Place, Ste 107
Jackson, MS  39202
trustee1@smithcpafirm.com

DATED this the 25th day of February, 2011.

s/ Vann F. Leonard